UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY A. CRUTCHER,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

                          /

Case No. 1:02-CV-860
Hon. Hugh W. Brenneman, Jr.

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB).

Plaintiff was born on March 5, 1951, completed high school and attended one year of community college (AR 37, 54, 288).[1] Plaintiff stated that she became disabled on February 1, 2000 (AR 37). Plaintiff had previous employment as a pension representative, worker's compensation representative and a GM field representative (AR 49, 289-90). Plaintiff identified her disabling condition as renal failure, vasculitis, anemia, sinusitis and high blood pressure (AR 48). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on October 23, 2002

---

[1] Citations to the administrative record will be referenced as (AR "page #").

(AR 8-15). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.[2]

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

---

[2] Plaintiff originally filed suit on November 27, 2002. *See* docket no. 1. The court remanded this matter to the Commissioner on March 11, 2003 to search for and if necessary reconstruct the administrative file. *See* docket no. 8. The case was re-opened on July 16, 2004. *See* docket no. 11.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. *Id.* (citing 20 C.F.R. §§ 404.1520(b) and 416.920(b)(2000)). Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." *Id.* (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)(2000)). Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000). Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled. *Abbott*, 905 F.2d at 923.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001). The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the

3

inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff had not engaged in substantial gainful activity since the alleged onset of disability (AR 14). Second, the ALJ found that she suffered from severe impairments of vasulitis, high blood pressure and anemia (AR 12). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 14). The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC):

> to perform a range of work that is light in exertional demands. She can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She could stand and/or walk about six hours in an eight-hour workday and sit six hours in an eight-hour workday. Additional limitations include no repetitive bending, twisting, turning, crawling, squatting, kneeling or climbing; no use of air or vibrating tools; no work around unprotected heights or moving machinery; and no overhead work.

(AR 15).

The ALJ found that plaintiff's past relevant work as field representative, worker's compensation representative and pension representative did not require the performance of work-related activities precluded by her residual functional capacity (AR 15). The ALJ also found that

plaintiff's medically determinable vasulitis, high blood pressure and anemia do not prevent plaintiff from performing her past relevant work (AR 15). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 15).

## III. ANALYSIS

Plaintiff raises three issues on appeal.

**A.     The ALJ committed error in assessing the credibility of plaintiff.**

**B.     The ALJ committed error in failing to consider the side effects of medication.**

Plaintiff contends that the ALJ failed to discuss or show an example of why her testimony was not credible, failed to consider the side effects of her medication, and failed to discuss the seven factors used to assess the credibility of an individual's statements under SSR 96-7p and as required by 20 C.F.R. § 404.1529 ("How we evaluate symptoms, including pain").

The ALJ stated that he must consider the requirements of SSR 96-7p and § 404.1529 (AR 12). Plaintiff gives no examples of specific omissions or errors by the ALJ, other than the contention that the ALJ failed to address the type, dosage, effectiveness and side effects of her medication. A review of the record indicates that the ALJ discussed the seven factors as set forth in SSR 96-7p and § 404.1529 (AR 9-14).[3] Although the ALJ did not structure his opinion with separate subsections addressing each factor, he addressed the relevant factors while discussing

---

[3] The seven factors to be considered include: the claimant's daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; treatment, other than medication, received for relief of pain or other symptoms; any measures used to relieve pain or other symptoms; and, other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3)(i-vii).

plaintiff's history of treatment commencing in September 1999 (AR 10-13), her subjective complaints (AR 10-13) and her activities of daily living (AR 13). Accordingly, the ALJ did not improperly evaluate plaintiff's subjective complaints.

Plaintiff's specific contention of error is that while the ALJ acknowledged that her physician, Dr. Woltman, "indicated in a letter of July 30, 2002, that medications used by [p]laintiff could decrease an individual's exercise ability and could cause fatigue ([AR] 273)," the ALJ did not consider the side effects of the medications as described by Dr. Woltman and failed to incorporate the medication side effects into hypothetical questions to the vocational expert. Plaintiff's Brief at 11. Dr. Woltman's July 30th letter, directed to plaintiff's counsel, states in pertinent part as follows:

> 1 of her medications I have her on, Metoprolol, can decrease a persons [sic] exercise ability as it doesn't allow increased heart rate with increase[sic] activity. This is its method in terms of controlling blood pressure. Given the fact that she's on multiple medications for vasculitis I wouldn't find it surprising that she does have some fatigue.
>
> I do feel if she was working, especially an 8-hourday, 5-days a week program that she would become quite fatigued and I don't know how well she would perform under these circumstances. I hope this letter assist [sic] you with your concerns for Mrs. Crutcher. If there's anything I can do to assist you, please don't hesitate to give me a call. . . .

(AR 273).

In his decision, the ALJ recited pertinent portions of this letter without comment (AR 11). The ALJ gave substantial weight to the non-examining Disability Determination Services (DDS) medical consultant's opinion that plaintiff could stand and/or walk about six hours in an eight-hour workday (AR 13). The ALJ also cited plaintiff's testimony that she had constant fatigue, needed to recline or lie down a great deal of the day, took three and one-half to four hour naps and

experienced fatigue due to certain medications (AR 13, 297). The record reflects that the ALJ considered plaintiff's claims, but decided to adopt the opinion expressed by the medical consultants with respect to plaintiff's ability to work an eight-hour workday. In this regard, Dr. Woltman's conclusion as set forth in the July 30th letter does not describe a condition as severe as plaintiff claims: Dr. Woltman did not conclude that plaintiff suffers from constant fatigue, nor did his opinion support plaintiff's claim that she must lie down a great deal of the day or take three to four hour daily naps.

Furthermore, the ALJ could properly rely on the opinion expressed by the DDS physician. An ALJ may rely on the opinions of the state agency physicians who reviewed plaintiff's file. *See* 20 C.F.R. §§ 404.1527(f)(2)(i) and 416.927(f)(2)(i) (state agency medical consultants and other program physicians are "highly qualified physicians . . . who are also experts in Social Security disability evaluation"); *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001) (when treating physicians and consulting physicians provide conflicting opinions, an ALJ may decide to accept the consulting physician's assessment, as long as that opinion is supported by substantial evidence).

Finally, plaintiff contends that the ALJ did not include her medication side effects in hypothetical questions posed to the vocational expert. It is the claimant's burden at the fourth step of the sequential evaluation to show an inability to return to any past relevant work. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980). A vocational expert's testimony is not required when the ALJ determines that a claimant is not disabled at step four of the sequential evaluation. *See Banks v. Massanari*, 258 F. 3d 820, 827 (8th Cir. 2001) (vocational expert testimony is not required until step five of the sequential analysis); *Parker v. Secretary of Health and Human Servs.*, No. 90-2084, 1991 WL 100547 at *3 (6th Cir. June 11, 1991); *Rivera v. Barnhart*, 239 F. Supp. 2d 413, 421

(D. Del. 2002). However, "[i]n evaluating residual functional capacity, the Commissioner may, but is not required to, use the services of a vocational expert." *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997), *citing Varley v. Secretary of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

Here, the ALJ posed hypothetical questions to the vocational expert to evaluate plaintiff's residual functional capacity to perform her past relevant work. A hypothetical question posed by an ALJ to a vocational expert only needs to include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). *See also Stanley v. Secretary of Health and Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994) ("the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals"). The ALJ did not find plaintiff's complaint that she suffered from disabling fatigue requiring her to nap three to four hours per day as credible. Accordingly, the ALJ could properly omit this alleged restriction from any hypothetical question posed to a vocational expert.

**C.    The ALJ committed error at Step 4 of the sequential evaluation process.**

Next, plaintiff contends that that the ALJ failed to make specific findings of fact as to the physical and mental demands of her past job as required by Social Security Ruling (SSR) 82-62 and *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). SSR 82-62 provides in pertinent part as follows:

> The rationale for a disability decision must be written so that a clear picture of the case can be obtained. . .
>
> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> 1. A finding of fact as to the individual's RFC.
>
> 2. A finding of fact as to the physical and mental demands of the past job/occupation.

    3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

Specifically, plaintiff contends that the the ALJ failed to take into consideration the side effects of her medication, which would cause increased risk of infection and fatigue. Plaintiff's Brief at 11. Plaintiff's contention is without merit.

    At the hearing, plaintiff stated that the main problem that interfered with her ability to work was that she is "tired, fatigued, lethargic" and "tired all the time" (AR 291). As the court previously discussed, the ALJ could properly conclude that plaintiff's alleged fatigue did not preclude all work. The record includes plaintiff's testimony and written descriptions of her past relevant work (AR 49, 70-72, 289-91), as well as testimony from the vocational expert establishing that plaintiff could return to her past relevant work as a field representative, worker's compensation representative and pension representative (AR 14, 306-07). The record reflects that the ALJ made the three findings required by SSR 82-62 (AR 14-15). First, the ALJ determined plaintiff's RFC (AR 15). Second, the ALJ found that plaintiff's past relevant work involved either light exertional demands (field representative and worker's compensation representative) or sedentary exertional demands (pension representative) (AR 14). Third, the ALJ found that plaintiff's past relevant work did not require the performance of work-related activities precluded by her RFC (AR 15). In finding that plaintiff could perform her past relevant work, the ALJ relied upon both plaintiff's testimony and the vocational expert's testimony (AR 14). The court concludes that the ALJ did not commit error at step four of the sequential evaluation.

## IV. CONCLUSION

Substantial evidence supports the ALJ's determination that plaintiff has the residual functional capacity to perform her past relevant work. The Commissioner's decision will be affirmed pursuant to 42 U.S.C. § 405(g), and a judgment order consistent with this opinion shall be issued forthwith.


Dated:  September 6, 2005              /s/ Hugh W. Brenneman, Jr.
                                       Hugh W. Brenneman, Jr.
                                       United States Magistrate Judge